# EXHIBIT B

**Executive Order 13959 of November 12, 2020**

**Addressing the Threat From Securities Investments That Finance Communist Chinese Military Companies**

**(As Amended By Executive Order 13974 of January 13, 2021)**

By the authority vested in me as President by the Constitution and the laws of the United States of America, including the International Emergency Economic Powers Act (50 U.S.C. 1701 *et seq.*) (IEEPA), the National Emergencies Act (50 U.S.C. 1601 *et seq.*), and section 301 of title 3, United States Code,

I, DONALD J. TRUMP, President of the United States of America, find that the People's Republic of China (PRC) is increasingly exploiting United States capital to resource and to enable the development and modernization of its military, intelligence, and other security apparatuses, which continues to allow the PRC to directly threaten the United States homeland and United States forces overseas, including by developing and deploying weapons of mass destruction, advanced conventional weapons, and malicious cyber- enabled actions against the United States and its people.

Key to the development of the PRC's military, intelligence, and other security apparatuses is the country's large, ostensibly private economy. Through the national strategy of Military-Civil Fusion, the PRC increases the size of the country's military-industrial complex by compelling civilian Chinese companies to support its military and intelligence activities. Those companies, though remaining ostensibly private and civilian, directly support the PRC's military, intelligence, and security apparatuses and aid in their development and modernization.

At the same time, those companies raise capital by selling securities to United States investors that trade on public exchanges both here and abroad, lobbying United States index providers and funds to include these securities in market offerings, and engaging in other acts to ensure access to United States capital. In that way, the PRC exploits United States investors to finance the development and modernization of its military.

I therefore further find that the PRC's military-industrial complex, by directly supporting the efforts of the PRC's military, intelligence, and other security apparatuses, constitutes an unusual and extraordinary threat, which has its source in substantial part outside the United States, to the national security, foreign policy, and economy of the United States. To protect the United States homeland and the American people, I hereby declare a national emergency with respect to this threat.

Accordingly, I hereby order:

**Section 1**. (a) The following actions are prohibited:

(i) beginning 9:30 a.m. eastern standard time on January 11, 2021, any transaction in publicly traded securities, or any securities that are derivative of, or are designed to provide investment exposure to such securities, of any Communist Chinese military company as defined in section 4(a)(i) of this order, by any United States person; and

(ii) beginning 9:30 a.m. eastern standard time on the date that is 60 days after a person is determined to be a Communist Chinese military company pursuant to section (4)(a)(ii) or (iii) of this order, any transaction in publicly traded securities, or any securities that are derivative of, or

are designed to provide investment exposure to such securities, of that person, by any United States person.

(b) Notwithstanding subsection (a)(i) of this section, ~~purchases for value or sales made~~ any transaction entered into on or before 11:59 p.m. eastern standard time on November 11, 2021, solely to divest, in whole or in part, from securities that any United States person held as of 9:30 a.m. eastern standard time on January 11, 2021, in a Communist Chinese military company as defined in section 4(a)(i) of this order, ~~are~~ is permitted.  Effective at 11:59 p.m. eastern standard time on November 11, 2021, possession of any such securities by a United States person is prohibited.

(c) Notwithstanding subsection (a)(ii) of this section, for a person determined to be a Communist Chinese military company pursuant to section 4(a)(ii) or (iii) of this order, ~~purchases for value or sales made~~ any transaction entered into on or before 365 days from the date of such determination, solely to divest, in whole or in part, from securities that any United States person held in such person, as of the date 60 days from the date of such determination, ~~are~~ is permitted. Effective at 11:59 p.m. eastern standard time on the date 365 days after the date of such determination, possession of any such securities by a United States person is prohibited.

(d) The prohibitions in subsection (a) of this section apply except to the extent provided by statutes, or in regulations, orders, directives, or licenses that may be issued pursuant to this order, and notwithstanding any contract entered into or any license or permit granted before the date of this order.

**Sec. 2**. (a) Any transaction by a United States person or within the United States that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate the prohibitions set forth in this order is prohibited.

(b) Any conspiracy formed to violate any of the prohibitions set forth in this order is prohibited.

**Sec. 3**. (a) The Secretary of the Treasury, after consultation with the Secretary of State, the Secretary of Defense, the Director of National Intelligence, and the heads of other executive departments and agencies (agencies) as deemed appropriate by the Secretary of the Treasury, is hereby authorized to take such actions, including the promulgation of rules and regulations, and to employ all powers granted to the President by IEEPA, to carry out the purposes of this order. The Secretary of the Treasury may, consistent with applicable law, redelegate any of these functions within the Department of the Treasury. All agencies shall take all appropriate measures within their authority to carry out the provisions of this order.

(b) Rules and regulations issued pursuant to this order may, among other things, establish procedures to license transactions otherwise prohibited pursuant to this order. But prior to issuing any license under this order, the Secretary of the Treasury shall consult with the Secretary of State, the Secretary of Defense, and the Director of National Intelligence.

**Sec. 4**. *Definitions*. For purposes of this order:

(a) the term "Communist Chinese military company" means

(i) any person that the Secretary of Defense has listed as a Communist Chinese military company operating directly or indirectly in the United States or in any of its territories or possessions pursuant to section 1237 of Public Law 105–261, as amended by section 1233 of Public Law 106– 398 and section 1222 of Public Law 108–375, as of the date of this order, and as set forth in the Annex to this order, until such time as the Secretary of Defense removes such person from such list;

(ii)     any person that the Secretary of Defense, in consultation with the Secretary of the Treasury, ~~determines is~~ publicly lists as a Communist Chinese military company meeting the criteria in section 1237(b)(4)(B) of Public Law 105-261, as amended by section 1233 of Public Law 106-398 and section 1222 of Public Law 108-375, and that operates ~~operating~~ directly or indirectly in the United States or in any of its ~~territories or~~ possessions ~~and therefore lists as such pursuant to section 1237 of Public Law 105-261, as amended by section 1233 of Public Law 106-398 and section 1222 of Public Law 108-375~~, until such time as the Secretary of Defense removes such person from such list. This definition shall apply regardless of whether the Secretary of Defense must provide the report described in section 1237(b)(2) of Public Law 105-261, as amended by section 1233 of Public Law 106-398 and section 1222 of Public Law 108-375; or

(iii)    any person that the Secretary of the Treasury publicly lists as meeting the criteria in section ~~1237(b)(4)(B) of Public Law 105-261~~ (a)(ii) of this section, or publicly lists as a subsidiary of a person already determined to be a Communist Chinese military company, until the Secretary of the Treasury determines that such person no longer meets that criteria and removes such person from such list.

(b)     the term "entity" means a government or instrumentality of such government, partnership, association, trust, joint venture, corporation, group, subgroup, or other organization;

(c)     the term "person" means an individual or entity;

(d)     the terms "security" and "securities" include the definition of "security" in section 3(a)(10) of the Securities Exchange Act of 1934, Public Law 73–291, as codified as amended at 15 U.S.C. 78c(a)(10), except that currency or any note, draft, bill of exchange, or banker's acceptance which has a maturity at the time of issuance of not exceeding 9 months, exclusive of days of grace, or any renewal thereof the maturity of which is likewise limited, shall be a security for purposes of this order.

(e)     the term "transaction" means the purchase for value, or sale, of any publicly traded security; and

(f)     the term "United States person" means any United States citizen, permanent resident alien, entity organized under the laws of the United States or any jurisdiction within the United States (including foreign branches), or any person in the United States.

**Sec. 5.** The Secretary of the Treasury, in consultation with the Secretary of State and, as appropriate, the Secretary of Defense, is hereby authorized to submit the recurring and final reports to the Congress on the national emergency declared in this order, consistent with section 401(c) of the NEA (50 U.S.C. 1641(c)) and section 204(c) of IEEPA (50 U.S.C. 1703(c)).

**Sec. 6.** *General Provisions*. (a) Nothing in this order shall be construed to impair or otherwise affect:

(i)     the authority granted by law to an executive department or agency, or the head thereof; or

(ii)    the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

(b) This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

(c) This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.