UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LUOKUNG TECHNOLOGY CORP. et al.,

    *Plaintiffs,*

v.

U.S. DEPARTMENT OF DEFENSE et al.,

    *Defendants.*

Case No. 1:21-cv-00583 RC

### DECLARATION OF SHAWN LARSEN-BRIGHT
### IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

I, Shawn Larsen-Bright, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner with Dorsey & Whitney LLP, which is counsel for Plaintiffs Luokung Technology Corp. ("Luokung"), Baomin Li, and Raymond Weiman Bai in this matter. I make this declaration based upon my personal knowledge. I am over eighteen years of age and competent to testify to the matters set forth herein.

2. Attached hereto as **EXHIBIT A** is a true and correct copy of a publicly available letter dated June 24, 2020, from Deputy Secretary of Defense David L. Norquist to Senator Tom Cotton, which enclosed the Department of Defense's ("DoD") first list of Communist Chinese military companies ("CCMC") pursuant to Section 1237 of the National Defense Authorization Act for Fiscal Year 1999 ("Section 1237"), which I obtained via Senator Cotton's public website: https://www.cotton.senate.gov/imo/media/doc/Sen%20Cotton%20NDAA%20FY%201999%20Sec%201237%20Response%2006242020.pdf (last visited on April 2, 2021). Notably, as indicated in the letter, the DoD's June 2020 list of CCMCs was published more than 19 years after the initial deadline of March 1, 2001 set forth in Section 1237 for publishing a list of CCMCs, which was to

then be updated on an annual basis.

3. Attached hereto as **EXHIBIT B** is a true and correct copy of Executive Order 13959 of November 12, 2020, signed by then-President Donald J. Trump, entitled *Addressing the Threat from Securities Investments that Finance Communist Chinese Military Companies*, which I obtained through publically available legal resources.

4. Attached hereto as **EXHIBIT C** is a true and correct copy of Executive Order 13974 of January 13, 2021, signed by then-President Donald J. Trump, entitled *Amending Executive Order 13959—Addressing the Threat from Securities Investments that Finance Communist Chinese Military Companies*, which I obtained through publically available legal resources.

5. Attached hereto as **EXHIBIT D** is a true and correct copy of an announcement entitled *DOD Releases List of Additional Companies, In Accordance with Section 1237 of FY99 NDAA*, which was published by the DoD on January 14, 2021, and is publicly available here: https://www.defense.gov/Newsroom/Releases/Release/Article/2472464/dod-releases-list-of-additional-companies-in-accordance-with-section-1237-of-fy/ (last visited on April 2, 2021). The January 14, 2021 DoD release also provided a link to a document entitled *Qualifying Entities Prepared in Response to Section 1237 of the National Defense Authorization Act for Fiscal Year 1999 (PUBLIC LAW 105-261)*, which was also published by the DoD on January 14, 2021 (the "January 14, 2021 CCMC List"). The January 14, 2021 CCMC List provided a list of nine companies designated as CCMCs, and included "Luokong Technology Corporation (LKCO)." A true and correct copy of the January 14, 2021 CCMC List is also included within Exhibit D.

6. This lawsuit was commenced on March 4, 2021, and a motion for temporary restraining order was filed on March 5, 2021, in light of the potential March 15, 2021, effective

date of the prohibitions under Executive Order 13959 as to Luokung.  Subsequently, on March 10, 2021, U.S. Department of Justice attorney Joseph Borson, counsel of record for Defendants, notified my office that, on March 9, 2021, the DoD delisted "Luokong Technology Corporation (LKCO)" and listed "Luokung Technology Corp. (LKCO)" as a CCMC, pursuant to section 4(a)(ii) of Executive Order 13959.  A true and correct copy of the DoD's letters to Congress, the Secretary of the Treasury, the Secretary of State, the Acting Attorney General, the Secretary of Commerce, the Secretary of Energy, and the Acting Director of the Central Intelligence Agency are attached hereto as **EXHIBIT E**.  Mr. Borson also provided my office with a letter from the U.S. Department of the Treasury Office of Foreign Assets Control ("OFAC"), dated March 10, 2021, stating that as a result of the delisting and relisting of Luokung, the prohibitions under section 1(a)(ii) of Executive Order 13959 would take effect on May 8, 2021, and the prohibitions under section 1(c) of Executive Order 13959 would take effect on March 9, 2022.  A true and correct copy of OFAC's March 10, 2021 letter is attached hereto as **EXHIBIT F**.  On March 14, 2021, OFAC publicly issued FAQ 881 confirming the timing set forth in its March 10, 2021 letter.  Attached hereto as **EXHIBIT G** is a true and correct copy of FAQ 881, which I obtained via OFAC's public website:  https://home.treasury.gov/policy-issues/financial-sanctions/faqs/881 (last visited on April 2, 2021).

    7. On March 11 and 12, 2021, I communicated with Mr. Borson by email and telephone about the administrative record relating to this action, and requested that it be produced as soon as possible.  On March 16, 2021, Mr. Borson provided a copy of the DoD decisional memo relating to Luokung marked as of September 15, 2020 ("Decisional Memo"), which would be part of the administrative record, but stated that he did not have an estimate for when the full certified administrative record would be produced.  Mr. Borson subsequently confirmed that the Decisional

Memo was what led to Luokung's designation as a CCMC. A true and correct copy of the Decisional Memo is attached hereto as **EXHIBIT H.** As of the filing of this declaration, Defendants have not produced any other portion of the administrative record relating to this action.

8.  The DoD's Decisional Memo relating to Luokung twice references the "2019 DoD Industrial Capabilities Report." Attached hereto as **EXHIBIT I** is a true and correct copy of this publicly available report, which is titled Fiscal Year 2019 Industrial Capabilities Report to Congress, dated June 23, 2020, and was prepared by the Office of Industrial Policy within the Office of the Secretary of Defense for Acquisition and Sustainment, and which I obtained via its public website: https://www.businessdefense.gov/Portals/51/Documents/Resources/USA000954-20%20RPT%20Subj%20FY19%20ICR%2007092020.pdf?ver=2020-07-10-124452-180   (last visited on April 2, 2021).

9.  Prior to filing this action, Luokung attempted to learn the basis for its designation as a CCMC through, among other means, a Freedom of Information Act ("FOIA") request to the DoD submitted by my office on February 8, 2021, which we requested be processed on an expedited basis. A true and correct copy of the FOIA Request my office submitted to the DoD FOIA Division on February 8, 2021 is attached hereto as **EXHIBIT J**. On February 10, 2021, my office received a letter, dated February 9, 2021, from the DoD FOIA Division, which rejected the request for expedited processing of the FOIA request, further stated that the DoD FOIA Division would not process the FOIA request even within the 20-day statutory time period, and explained that Luokung's request would be processed in the order received in light of several thousand other pending requests. A true and correct copy of the DoD FOIA Division's February 9, 2021 letter is attached hereto as **EXHIBIT K**. On February 12, 2021, my office submitted an appeal of the DoD FOIA Division's denial of our request for expedited processing of the FOIA request. A true and

correct copy of the February 12, 2021 appeal is attached hereto as **EXHIBIT L**. On February 16, 2021, my office received an email response from a DoD FOIA Appeals Analyst stating that the DoD FOIA Division would not be issuing a decision on the appeal within the statutory time requirement. A true and correct copy of the February 16, 2021 FOIA Appeal Analyst email is attached hereto as **EXHIBIT M**. Five weeks later, on March 23, 2021, my office received a letter from the DoD Office of the Director of Administration and Management stating that Luokung's appeal of the decision to deny expedited processing was granted, and, as a result, Luokung's FOIA request would be placed ahead of other pending requests. A true and correct copy of the March 23, 2021 letter granting Luokung's appeal is attached hereto as **EXHIBIT N**. No further information has been provided to date regarding the DoD's processing of, or response to, Luokung's FOIA request.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on April 2, 2021, in Seattle, Washington.

*/s/ Shawn Larsen-Bright*
Shawn Larsen-Bright, Wash. Bar #37066
(Admitted *Pro Hac Vice*)
