# EXHIBIT L



**BENJAMIN D. GREENBERG**
**Partner**
**(206) 903-5442**
**FAX (206) 260-9104**
**greenberg.ben@dorsey.com**

February 12, 2021

**VIA EMAIL**

Ms. Joo Chung
Director of Oversight and Compliance
Office of Secretary Defense
4800 Mark Center Drive
ATTN: DPCLTD, FOIA Appeals, Mailbox # 24
Alexandria, VA 22350-1700
Osd.foia-appeal@mail.mil

    **Re:**     **Freedom of Information Act (FOIA) Appeal of Denial of Request for Expedited Processing of FOIA Request**

              **FOIA Case Number: 21-F-0553**

Dear Ms. Chung:

    Dorsey & Whitney LLP represents Luokung Technology Corp. ("Luokung"). Pursuant to 32 CFR 286.11, this is a formal appeal of the U.S. Department of Defense ("DoD") Freedom of Information Division's ("DoD's FOIA Office") denial of our request for expedited processing of our request under the Freedom of Information Act (5 U.S.C. § 552) ("FOIA").

    **I.**     **The FOIA Request And The Response From DoD's FOIA Office**

    By way of background, on January 14, 2021, the DoD placed "Luokong Technology Corporation (LKCO)" on a list of entities operating directly or indirectly in the United States and deemed to be "Communist Chinese military companies" ("CCMC") under Executive Order 13959, issued by former President Trump on November 12, 2020 (the "Executive Order"). The DoD list is maintained under the authority of Section 1237 of the National Defense Authorization Act for Fiscal Year 1999 (the "Section 1237 List").

    On February 8, 2021, we submitted a FOIA Request (the "FOIA Request") to the DoD's FOIA Office, for the following information:

- All documents and communications, inclusive of those in electronic form or format, or any other records in the DoD's possession or control, regardless of physical form or characteristics, relating to the DoD's listing or decision to list "Luokong Technology Corporation (LKCO)" on the Section 1237 List, including, but not limited to, any policy memorandums, communications, or other documents identifying or detailing the basis or



Ms. Joo Chung
February 12, 2021
Page 2

reason(s) for the inclusion of "Luokong Technology Corporation (LKCO)" on the Section 1237 List; and

- All documents and communications, inclusive of those in electronic form or format, or any other records in the DoD's possession or control, regardless of physical form or characteristics, relating to the DoD's "methodology" for the 1237 List identified in the Deputy Secretary of Defense's June 24, 2020 letter to Senator Tom Cotton. [Attachment C to FOIA Request].

A copy of the FOIA Request is enclosed as **Appendix 1**.

Pursuant to 32 CFR 286.8(e), we requested that the FOIA Request be processed and responded to on an expedited basis, as a loss of substantial due process rights is imminent to Luokung and its U.S. shareholders. As required by 32 CFR 286.8(e)(3), the FOIA Request attached a certified statement from the Chairman and Chief Executive Officer of Luokung, Mr. Xuesong Song, explaining the need for expedited processing and the due process rights that will be lost imminently. *See* **Appendix 1** (at Attachment A).

As explained in Luokung's Certified Statement: (1) Luokung is a foreign entity with substantial connections with the United States, and as such, is entitled to the protections of due process; (2) the designation of Luokung as a CCMC and resulting restrictions under the Executive Order deprive Luokung of its property and other rights, including its rights to access U.S. capital markets, its relationships with shareholders, financial institutions, business partners and other members of the public, its ability to effectively operate in its chosen business, and its reputation and professional goodwill; (3) Luokung received no notice of its designation as a CCMC before the list was published on January 14, 2021, nor did it receive any explanation for the designation, notice of any material on which the agencies relied, or any opportunity to respond and be heard on the designation and the restrictions imposed by the Executive Order; and (4) Luokung contends that its designation as a CCMC is unconstitutional because it deprives Luokung of its rights without due process of law. Accordingly, Luokung is entitled to the information in the FOIA Request on an expedited basis, in order to obtain information on the underlying basis for the DoD's designation of Luokung on the Section 1237 List as soon as possible and before the restrictions under the Executive Order become effective, which may be as soon as March 15, 2021. In short, a substantial loss of due process rights is imminent, and thus Luokung meets the standard for expedited processing under 32 CFR 286.8(e)(1)(ii). Expedited processing should have been granted.

On February 10, 2021, the DoD's FOIA Office issued an "interim response" to the FOIA Request (the "Response"), in which it rejected the request for expedited processing. A copy of the Response is enclosed as **Appendix 2**.[1]

---

[1] Although labeled "interim" the Response confirmed that the DoD's FOIA Office decision concerning expedited treatment was subject to immediate appeal to this office.



Ms. Joo Chung
February 12, 2021
Page 3

The Response provides the following purported basis for the denial of expedited processing, which is not in accord with the DoD's own FOIA regulations:

> Expedited processing may be granted when the requester demonstrates a compelling need for the information and shows that the information has a particular value that would be lost if not processed on an expedited basis. A key word here is "demonstrates." Therefore, it is incumbent upon you to demonstrate that the requested records will serve an urgency purpose and that they will also be meaningful in the sense that they will provide a greater understanding of actual or alleged federal government activity on the part of the public-at-large than that which existed before such information was disseminated. Consequently, it must be clearly demonstrated that such information has a particular value that will be lost if not disseminated quickly. After carefully considering your request, this Office finds that you have not clearly demonstrated how the information will lose its value if not processed on an expedited basis. For this reason, your request for expedited processing is denied.

In addition to the two "compelling need" categories set out in 32 CFR 286.8(e)(i) that may warrant expedited processing, the DoD's regulations further provide: "Expedited processing is granted to a requester if loss of substantial due process rights is imminent." This was the express basis identified for expedited treatment in the FOIA Request. However, the DoD's FOIA Office did not evaluate or provide any discussion for denying the request for expedited processing on this ground.

Furthermore, the DoD's FOIA Office's reasoning focused solely on whether "the information has a particular value that would be lost if not processed on an expedited basis." *See* Response. However, that standard does not currently appear anywhere in the FOIA statute or DoD FOIA regulations and is therefore not a lawful basis for denying expedited treatment. This standard previously appeared in an outdated version of 32 CFR 286.4, which was amended in 2017. The regulation no longer includes any such language.

Finally, the Response states that not only will the DoD's FOIA office not agree to process the FOIA Request on an expedited basis, it will also not respond within FOIA's 20-day statutory period, and provides no timeline for when a response will be received.

This timely appeal follows.

## II.    The FOIA Request Established that Expedited Processing was Appropriate Because a Loss of Substantial Due Process Rights is Imminent

5 USC § 552(E)(i) provides that "(i) Each agency shall promulgate regulations, pursuant to notice and receipt of public comment, providing for expedited processing of requests for records—(I) in cases in which the person requesting the records demonstrates a compelling need; and *(II) in other cases determined by the agency*." (emphasis added). Consistent with this requirement, the DoD FOIA Regulations provide, in 32 CFR 286.8(e), two reasons for expediting



Ms. Joo Chung
February 12, 2021
Page 4

the processing of FOIA requests:  (1) when the requestor demonstrates a compelling need, which is further defined in the regulations, or (2) in "additional expedited processing circumstances" which includes the following:  "Expedited processing is granted to a requester if loss of substantial due process rights is imminent."  32 CFR 286.8(e)(ii)(A).  The regulations go on to require that "[a] requester who seeks expedited processing must submit a statement, certified to be true and correct, explaining in detail the basis for making the request for expedited processing" and that "requests for expedited processing under paragraph (e)(1)(ii)(A) of this section must include a description of the due process rights that would be lost."

The FOIA Request here satisfied these standards.  First, Luokung has established that substantial due process rights are implicated here.  The Fifth Amendment to the U.S. Constitution provides:  "No person shall . . . be deprived of life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V.  The Due Process Clause of the Fifth Amendment requires that parties deprived of their property receive adequate notice and an opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976).  As a foreign entity that has substantial connections with the United States, Luokung is entitled to the protections of the due process clause.  *See Nat'l Council of Resistance of Iran v. Dept. of State*, 251 F.3d 192, 203 (D.C. Cir. 2001) (foreign organizations that have "entered the territory of the United States and established substantial connections with this country . . . are entitled to the protections of the Constitution").

Second, Luokung supplied the necessary certified statement, which included a description of the due process rights that would be lost imminently and the detailed basis for the need for expedited processing.  The certified statement of Luokung's Chairman and Chief Executive Officer established that the designation of Luokung as a CCMC and resulting restrictions under the Executive Order deprive Luokung of its property and other rights, including its rights to access U.S. capital markets, its relationships with shareholders, financial institutions, business partners and other members of the public, its ability to effectively operate in its chosen business, and its reputation and professional goodwill.  The certified statement further establishes that Luokung received no notice of its designation as a CCMC before the list was published on January 14, 2021, nor did it receive any explanation for the designation, notice of any material on which the agencies relied, or any opportunity to respond and be heard on the designation and the restrictions imposed by the Executive Order.  And the certified statement further establishes that the effects of the CCMC designation and Executive Order will go into effect as soon as March 15, 2021, which necessitates expedited processing of its FOIA Request.  Luokung has a right to the information associated with its designation as a CCMC and the restrictions resulting from that decision will go into effect without Luokung being able to obtain the relevant information about the designation, unless expedited processing is granted.

"Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1378, 176 L. Ed. 2d 158 (2010) (quotations omitted).  In similar circumstances, courts have found that the failure to provide a designee of a sanctions list with a timely explanation for the designation is a violation of the designee's due process rights.  *See, e.g., Al Haramain Islamic Found., Inc. v. United States Dep't of the Treasury*, 660 F.3d 1019, 1039-40 (9th Cir. 2011).



Ms. Joo Chung
February 12, 2021
Page 5

Luokung contends that its designation as a CCMC is unconstitutional because it deprives Luokung of its rights without due process of law, and asserts that it is entitled to the information in its FOIA Request on an expedited basis, in order to obtain information on the underlying basis for the DoD's designation of Luokung on the Section 1237 List as soon as possible and before the restrictions under the Order become effective, which is as soon as March 15, 2021.  *See* **Appendix 1** (at Attachment A, Certified Statement, ¶¶14-16).

In summary, Luokung has established that a substantial loss of due process rights is imminent, and the request for expedited processing should have been granted on this basis.  The DoD's FOIA Office did not even consider or address this basis for granting the request for expedited processing, and thus its decision to deny the request for expedited processing was clearly erroneous and should be reversed.  Expedited processing should be granted.

### III.    The Denial of Expedited Processing Was Based Upon a Standard that is Not in Effect and, Even if it was, is Inapplicable

As an additional and independent basis for reversal, the denial of expedited processing should be reversed and expedited processing of the FOIA Request granted because the DoD's FOIA Office applied the wrong standard under DoD FOIA regulations.

As set forth above, the DoD's FOIA Office's basis for denying the request for expedited processing was that the request failed to establish a compelling need, which it stated requires demonstrating "that the information has a particular value that would be lost if not processed on an expedited basis."  However, this analysis was clearly flawed for myriad reasons.

First, the DoD's FOIA Office's denial only addresses whether the request to expedite satisfied the statutory "compelling need" standard, but failed to address the separate standard of whether a substantial loss of due process rights is imminent, which constitutes an "additional expedited processing circumstance" under the DoD FOIA regulations.  As set forth above, Luokong met this separate substantial due process standard and thus the request should have been granted on this basis.

Second, the "value lost" standard expressly relied upon by the DoD's FOIA Office does not appear anywhere in the FOIA statute or current DoD FOIA regulations.  It appears that the DoD's FOIA Office was relying upon a prior version of 32 CFR 286.4, which was amended in 2017, and is no longer in effect.  *See* 32 CFR 286.4 (2015 version) (discussing compelling need standard as including "Compelling need also means that the information is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity. . . (A) Urgently needed **means that the information has a particular value that will be lost if not disseminated quickly**. Ordinarily this means a breaking news story of general public interest.") (emphasis added); *see also Elec. Privacy Info. Ctr. v. DOD*, 355 F. Supp. 2d 98, 100-01 (D.D.C. 2004) (citing prior language of 32 CFR 286.4).  The reliance by the DoD's FOIA Office on a regulation that was not in effect at the time of the FOIA Request is legally unsupportable.



Ms. Joo Chung
February 12, 2021
Page 6

Furthermore, the "value lost" standard" that appeared in the prior and now superseded version of 32 CFR 286.4 only applied in the context of members of the media attempting to establish a compelling need for expedited processing of a FOIA request.  Here, the FOIA Request was not being made by a member of the media.  Moreover, even under the prior, outdated regulation, one of the separate bases for expedited processing was "an imminent loss of substantial due process rights."  Accordingly, even under the outdated regulation erroneously relied upon by the DoD FOIA Office, the agency should have addressed the request for expedited process under the separate substantial due process standard.  It failed to do so and should be reversed.

**IV.     Conclusion**

For the foregoing reasons, we respectfully request that the denial of expedited processing be reversed and that the DoD's FOIA Office process the FOIA Request on an expedited basis.

Please do not hesitate to contact me, or my colleague Shawn Larsen-Bright, to discuss this appeal.  My phone number is (206) 903-5442, and Mr. Larsen-Bright's phone number is (206) 903-2417.  We can be reached at these numbers during normal business hours from 8:00 am to 6:00 pm Pacific Standard Time.

Thank you for your time and consideration of this request.

Sincerely,

Benjamin D. Greenberg
Partner

cc: Shawn Larsen-Bright
    Kate Johnson

Enclosures: Appendices 1 and 2

# APPENDIX 1



BENJAMIN D. GREENBERG
Partner
(206) 903-5442
FAX (206) 260-9104
greenberg.ben@dorsey.com

February 8, 2021

**VIA EMAIL**

Stephanie Carr, Chief
OSD/JS FOIA Requester Service Center
Office of Freedom of Information
1155 Defense Pentagon
Washington, DC 20301-1155
whs.mc-alex.esd.mbx.osd-js-foia-requester-
service-center@mail.mil

> **Re:    Freedom of Information Act (FOIA) Request to U.S. Department of Defense, Office of Secretary and Joint Staff**
> ***And***
> **Request for Expedited Processing of FOIA Request**

Dear Ms. Carr:

Dorsey & Whitney LLP represents Luokung Technology Corp. ("Luokung").  This is a request under the Freedom of Information Act (5 U.S.C. § 552).

Pursuant to 32 CFR 286.8(e), we request that this FOIA request be processed and responded to on an expedited basis, as a loss of substantial due process rights is imminent to Luokung and its U.S. shareholders.  A detailed statement further explaining the need for expedited processing and the due process rights that will be lost is attached hereto as **Attachment A**.

By way of background, on January 14, 2021, the U.S. Department of Defense ("DoD") placed "Luokong Technology Corporation (LKCO)" on a list of entities operating directly or indirectly in the United States and deemed to be "Communist Chinese military companies" under Executive Order 13959, issued by former President Trump on November 12, 2020.  *See* **Attachment B**.  The DoD list is maintained under the authority of Section 1237 of the National Defense Authorization Act for Fiscal Year 1999 (the "Section 1237 List").

We request that a copy of the following documents, or documents containing the following information, be provided on an expedited basis:

- All documents and communications, inclusive of those in electronic form or format, or any other records in the DoD's possession or control, regardless of physical form or characteristics, relating to the DoD's listing or decision to list "Luokong Technology Corporation (LKCO)" on the Section 1237 List, including, but not limited to, any policy memorandums, communications, or other documents identifying or detailing the basis or

4849-5468-0283\4



Stephanie Carr, Chief
February 8, 2021
Page 2

reason(s) for the inclusion of "Luokong Technology Corporation (LKCO)" on the Section 1237 List; and

- All documents and communications, inclusive of those in electronic form or format, or any other records in the DoD's possession or control, regardless of physical form or characteristics, relating to the DoD's "methodology" for the 1237 List identified in the Deputy Secretary of Defense's June 24, 2020 letter to Senator Tom Cotton.  *See* **Attachment C**.

In order to help determine my status for the purpose of determining the applicability of any fees, you should know that my name is Benjamin Greenberg, and I am an attorney with the law firm of Dorsey & Whitney LLP.  We are willing to pay fees for this request.  If you estimate the fees will exceed $1,000, please inform me before processing the request.  I look forward to hearing your response within the expedited processing (10 calendar days) time period.

Please do not hesitate to contact me, or my colleague Shawn Larsen-Bright, to discuss this request.  My phone number is (206) 903-5442, and Mr. Larsen-Bright's phone number is (206) 903-2417.  We can be reached at these numbers during normal business hours from 8:00 am to 6:00 pm Pacific Standard Time.

Thank you for your time and consideration of this request.

Sincerely,

Benjamin D. Greenberg
Partner

cc: Shawn Larsen-Bright
    Kate Johnson

Enclosures: Attachments A, B, and C

4849-5468-0283\4

# ATTACHMENT A

## CERTIFIED STATEMENT TO SUPPORT EXPEDITED PROCESSING

I, Xuesong Song, hereby declare as follows:

1.      I am the Chairman and Chief Executive Officer of Luokung Technology Corp. ("Luokung").  I am over eighteen years of age and competent to testify to the matters set forth herein.

### I.      BACKGROUND OF 1237 LIST DESIGNATION

2.      On November 12, 2020, citing his authority under the International Emergency Economic Powers Act, then-President Trump issued Executive Order 13959.  Exec. Order No. 13959, 85 Fed. Reg. 73185 (Nov. 12, 2020).  As relevant here, Executive Order 13959 prohibits transactions by any U.S. persons in publicly traded securities (and any derivative or related securities) of certain companies that the Department of Defense, in consultation with the Department of the Treasury, designates as a "Communist Chinese military company" ("CCMC").  President Trump amended Executive Order 13959 on January 13, 2021.  Exec. Order No. 13974, 86 Fed. Reg. 4875 (Jan. 13, 2021).  As amended, the Executive Order provides that the prohibitions on transactions of CCMC securities take effect 60 days after a company is designated as a CCMC, except that U.S. persons may continue to transact in such securities for the sole purpose of divestment for 365 days following a company's designation.

3.      Executive Order 13959, as amended (hereinafter, the "Order"), provides that its restrictions apply to CCMCs, which, as relevant here, are defined as "any person that the Secretary of Defense, in consultation with the Secretary of the Treasury, publicly lists as a [CCMC] meeting the criteria in section 1237(b)(4)(B)" of the National Defense Authorization Act for Fiscal Year 1999, as amended, "and that operates directly or indirectly in the United States or any of its possessions."  Exec. Order No. 13959, 85 Fed. Reg. 73185 § 4(a)(ii) (Nov. 12, 2020), as amended by Exec. Order No. 13974, 86 Fed. Reg. 4875 § 2 (Jan. 13, 2021).  Section 1237, in turn, defines a CCMC as any person that "(i) is owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China or that is

CERTIFIED STATEMENT IN SUPPORT OF
REQUEST FOR EXPEDITED PROCESSING - 1

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4833-4125-4107\4

owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China; and (ii) is engaged in providing commercial services, manufacturing, producing, or exporting."   50 U.S.C. § 1701 note, Pub. L. 105–261 § 1237, 112 Stat. 2160 (Oct. 17, 1998), amended by Pub. L. 106–398 § 1233, 114 Stat. 1654 (Oct. 30, 2000) and Pub. L. 108–375 § 1222, 118 Stat. 2089 (Oct. 28, 2004) (hereinafter "Section 1237").

4.      Section 1237 directs the Department of Defense to produce a list of CCMCs no later than March 1, 2001, and to update the list on an annual basis.  The first time the agency issued such a list was on June 24, 2020.  The agency issued supplemental lists on August 28, 2020, and December 3, 2020.

5.      On January 14, 2021, the Department of Defense issued another supplemental list designating "Luokong Technology Corporation (LKCO)" and eight other companies as CCMCs.

6.      The Section 1237 List incorrectly states Luokung's name as "Luokong" and incorrectly includes the full word "Corporation" when the company's name actually includes the word "Corp."  Thus, Luokung's name is a close match but not an exact name-match to the name listed on the Section 1237 List.

7.      The Department of Defense did not provide any explanation for its decision to designate "Luokong Technology Corporation (LKCO)" as a CCMC or identify the factual basis on which the designation was based.

8.      Luokung is not "owned or controlled by, or affiliated with, the People's Liberation Army or a ministry of the government of the People's Republic of China," or "owned or controlled by an entity affiliated with the defense industrial base of the People's Republic of China."  Section 1237.  Luokung is a publicly traded, independently managed, corporation that provides location-based services and big data processing technology for civilian or commercial purposes, or public services.  Luokung is not owned or controlled by, or otherwise affiliated with, the Chinese government or military, or owned or controlled by any entity affiliated with the Chinese defense industrial base, and no Chinese government or military, or any entity affiliated with the defense industrial base, possesses the ability to exert control over the management or affairs of the

CERTIFIED STATEMENT IN SUPPORT OF
REQUEST FOR EXPEDITED PROCESSING - 2

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4833-4125-4107\4

company.

9.      As a result of the Department of Defense's designation of Luokung as a CCMC, U.S. persons would be prohibited, under the Order, from engaging in transactions in publicly traded Luokung securities as of March 15, 2021, except for transactions that are solely to divest, in whole or in part, such securities during the one-year divestment period.  As of January 14, 2022, direct or indirect possession of any Luokung publicly traded securities by any U.S. person would be prohibited under the Order.

10.      The U.S. Department of the Treasury Office of Foreign Assets Control ("OFAC") on January 26, 2021 issued General License 1A, which permits until May 27, 2021 trading of securities and derivatives of certain entities whose names "closely match" but are not an exact match with those on the Section 1237 List.  As a result of the misstatement of Luokung's name on the 1237 List, Luokung believes that it qualifies under General License 1A, and has sought confirmation from OFAC in this regard, but has not received any such confirmation to date.

11.      The restrictions resulting from the Order, once they go into effect, will cause immediate and irreparable harm to Luokung, including by cutting off Luokung's access to U.S. capital markets, interfering with the company's business relationships and ability to conduct and expand its business, and harming its reputation and goodwill among business partners and consumers.  Further, Luokung's U.S. and foreign shareholders will be unfairly and irreparably harmed by the devaluation of their shares and lack of liquidity that would result from the effects of the Order.  Luokung and its shareholders would not be subject to these harms but for the designation of Luokung as a CCMC, which it contends was unlawful.

## II.      DESCRIPTION OF DUE PROCESS RIGHTS VIOLATION

12.      Luokung is a foreign entity with substantial connections with the United States.  As such, it is entitled to the protections of due process.

13.      The designation of Luokung as a CCMC and resulting restrictions under the Order deprive Luokung of its property and other rights, including its rights to access U.S. capital markets, its relationships with shareholders, financial institutions, business partners and other members of

CERTIFIED STATEMENT IN SUPPORT OF
REQUEST FOR EXPEDITED PROCESSING - 3

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

4833-4125-4107\4

the public, its ability to effectively operate in its chosen business, and its reputation and professional goodwill.

14.     Luokung received no notice of its designation as a CCMC before the list was published on January 14, 2021, nor did it receive any explanation for the designation, notice of any material on which the agencies relied, or any opportunity to respond and be heard on the designation and the restrictions imposed by the Order.

15.     Luokung contends that its designation as a CCMC is unconstitutional because it deprives Luokung of its rights without due process of law.

16.     Accordingly, Luokung asserts that it is entitled to the information in its accompanying FOIA request on an expedited basis, in order to obtain information on the underlying basis for the Department of Defense's designation of Luokung on the 1237 List as soon as possible and before the restrictions under the Order become effective, which is as soon as March 15, 2021.  A substantial loss of due process rights is imminent.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this _____7_____ day of February, 2021 at Beijing, China.

_____
Xuesong Song

CERTIFIED STATEMENT IN SUPPORT OF
REQUEST FOR EXPEDITED PROCESSING - 4

4833-4125-4107.4

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# ATTACHMENT B

IMMEDIATE RELEASE

# DOD Releases List of Additional Companies, In Accordance with Section 1237 of FY99 NDAA

JAN. 14, 2021

Today, the Department of Defense released the names of additional "Communist Chinese military companies" operating directly or indirectly in the United States in accordance with the statutory requirement of Section 1237 of the National Defense Authorization Act for Fiscal Year 1999, as amended.

The Department is determined to highlight and counter the People's Republic of China's (PRC) Military-Civil Fusion development strategy, which supports the modernization goals of the People's Liberation Army (PLA) by ensuring its access to advanced technologies and expertise acquired and developed by even those PRC companies, universities, and research programs that appear to be civilian entities.

The Department released its initial list of companies to Congress in June 2020 and will continue to update the list with additional entities as appropriate.

For the latest list, click here.

For previous lists, click here, here and here.



**<u>Qualifying Entities Prepared in Response to Section 1237 of the National Defense Authorization Act for Fiscal Year 1999 (PUBLIC LAW 105–261)</u>**

**Tranche 5**

Advanced Micro-Fabrication Equipment Inc. (AMEC)

Luokong Technology Corporation (LKCO)

Xiaomi Corporation

Beijing Zhongguancun Development Investment Center

GOWIN Semiconductor Corp

Grand China Air Co. Ltd. (GCAC)

Global Tone Communication Technology Co. Ltd. (GTCOM)

China National Aviation Holding Co. Ltd. (CNAH)

Commercial Aircraft Corporation of China, Ltd. (COMAC)

# ATTACHMENT C



**DEPUTY SECRETARY OF DEFENSE**
1010 DEFENSE PENTAGON
WASHINGTON, DC 20301-1010

JUN 2 4 2020

The Honorable Tom Cotton
United States Senate
Washington, DC 20510

Dear Senator Cotton:

Thank you for your letter identifying section 1237 of the National Defense Authorization Act for FY 1999, as amended, as a potential tool to support our efforts to compete with China. I agree with your assessment that long-term, steady-state competition with China is one of the defining challenges of our time. It is imperative that we review all tools at our disposal to ensure that our exchanges with China do not harm our national security or economic competitiveness.

To answer your specific questions:

"When was this list of Communist Chinese military companies operating in the United States last updated by the Department of Defense?"

The 106th Congress directed the Department of Defense (DoD) to take action. Upon learning this, my staff developed a methodology and produced an initial list of companies that meet the congressionally-directed criteria in section 1237. DoD has coordinated with executive branch agencies and is providing Congress our initial findings.

"As part of your commitment to achieving the goals set out in the 2018 National Defense Strategy, will you commit to updating and publicly releasing this list as soon as possible?"

The enclosed list has been cleared for public release. Thank you for your attention to this issue, and we look forward to continued engagement.

Sincerely,

*[signature]*

Enclosure:
As stated

**Qualifying Entities Prepared in Response to Section 1237 of the National Defense
Authorization Act for Fiscal Year 1999 (PUBLIC LAW 105–261)**

Aviation Industry Corporation of China (AVIC)

China Aerospace Science and Technology Corporation (CASC)

China Aerospace Science and Industry Corporation (CASIC)

China Electronics Technology Group Corporation (CETC)

China South Industries Group Corporation (CSGC)

China Shipbuilding Industry Corporation (CSIC)

China State Shipbuilding Corporation (CSSC)

China North Industries Group Corporation (Norinco Group)

Hangzhou Hikvision Digital Technology Co., Ltd. (Hikvision)

Huawei

Inspur Group

Aero Engine Corporation of China

China Railway Construction Corporation (CRCC)

CRRC Corp.

Panda Electronics Group

Dawning Information Industry Co (Sugon)

China Mobile Communications Group

China General Nuclear Power Corp.

China National Nuclear Corp.

China Telecommunications Corp.

**CLEARED**
**For Open Publication**

Jun 12, 2020

Department of Defense
OFFICE OF PREPUBLICATION AND SECURITY REVIEW

20-S-1496

# APPENDIX 2



**DEPARTMENT OF DEFENSE**
**FREEDOM OF INFORMATION DIVISION**
**1155 DEFENSE PENTAGON**
**WASHINGTON, DC 20301-1155**

Ref:  21-F-0553
February 9, 2021

Mr. Benjamin Greenberg
Dorsey Always Ahead
701 Fifth Avenue
Seattle, Washington 98104

Dear Mr. Greenberg:

This is an interim response to your February 8, 2021 Freedom of Information Act (FOIA) request, a copy of which is enclosed for your convenience.  We received your request on February 8, 2021, and assigned it FOIA case number 21-F-0553.  We ask that you use this number when referring to your request.

Although we have already begun processing your request, we will not be able to respond within the FOIA's 20-day statutory time period as there are unusual circumstances that impact our ability to quickly process your request.  The FOIA defines unusual circumstances as (a) the need to search for and collect records from a facility geographically separated from this office; (b) the potential volume of records responsive to your request; and (c) the need for consultation with one or more other agencies or DoD components having a substantial interest in either the determination or the subject matter of the records.  At least one, if not more, of these scenarios applies or would likely apply to your request.  While this office handles FOIA requests for the Office of the Secretary of Defense (OSD), the Joint Staff (JS), and other component offices, we do not actually hold their records and our office is not geographically located with these organizations.  As we do not hold the records, until the required record searches are complete, we are unable to estimate the potential volume of records or the number of consultations that will be required to make a release determination.

Expedited processing may be granted when the requester demonstrates a compelling need for the information and shows that the information has a particular value that would be lost if not processed on an expedited basis.  A key word here is "demonstrates."  Therefore, it is incumbent upon you to demonstrate that the requested records will serve an urgency purpose and that they will also be meaningful in the sense that they will provide a greater understanding of actual or alleged federal government activity on the part of the public-at-large than that which existed before such information was disseminated.  Consequently, it must be clearly demonstrated that such information has a particular value that will be lost if not disseminated quickly.  After carefully considering your request, this Office finds that you have not clearly demonstrated how the information will lose its value if not processed on an expedited basis.  For this reason, your request for expedited processing is denied.

Your request has been placed in our complex processing queue and is being worked based on the order in which the request was received.  Our current administrative workload is approximately 3,569 open requests.

If you have requested a fee waiver, please note that decisions to waive or reduce fees are made on a case-by-case basis, and we will make a determination concerning your fee waiver request at the conclusion of the search and assessment of responsive records, should they exist. However, this office will only assess fees if we provide the final response to your FOIA request within the statutory time allotted by the FOIA or if the responsive records total more than 5,000 pages, even after a good faith effort on our part to limit the scope of your request.

In some instances, we have found that requesters who narrow the scope of their requests experience a reduction in the time needed to process their requests. If you wish to narrow the scope of your request or have questions about the foregoing, please do not hesitate to contact the Action Officer assigned to your request, Erica L. Beckett, at erica.l.beckett.civ@mail.mil or 571-372-0411.

Additionally, if you have concerns about service received by our office, please contact a member of our Leadership Team at 571-372-0498 or Toll Free at 866-574-4970.

Should you wish to inquire about mediation services, you may contact the OSD/JS FOIA Public Liaison, Tonya R. Fuentes, at 571-372-0462 or by email at OSD.FOIALiaison@mail.mil, or the Office of Government Information Services (OGIS) at the National Archives and Records Administration. The contact information for OGIS is as follows:

> Office of Government Information Services
> National Archives and Records Administration
> 8601 Adelphi Road-OGIS
> College Park, MD 20740
> E-mail: ogis@nara.gov
> Telephone: 202-741-5770
> Fax: 202-741-5769
> Toll-free: 1-877-684-6448

You have the right to appeal to the appellate authority, Ms. Joo Chung, Director of Oversight and Compliance, Office of the Secretary of Defense, by writing directly to the following address: 4800 Mark Center Drive, ATTN: DPCLTD, FOIA Appeals, Mailbox# 24, Alexandria, VA 22350-1700.

Your appeal must be postmarked within 90 calendar days of the date of this response. Alternatively, you may email your appeal to osd.foia-appeal@mail.mil. If you use email, please include the words "FOIA Appeal" in the subject of the email. Please also reference FOIA case number 21-F-0553 in any appeal correspondence.

We regret the delay in responding to your request and appreciate your patience.  As previously stated, please contact the Action Officer assigned to your request, Erica L. Beckett, and reference FOIA case number 21-F-0553, if you have any questions or concerns.

Sincerely,

For *RStrong*
Stephanie L. Carr
Chief

Enclosure:
As stated

21-F-0553



BENJAMIN D. GREENBERG
Partner
(206) 903-5442
FAX (206) 260-9104
greenberg.ben@dorsey.com

February 8, 2021

**VIA EMAIL**

Stephanie Carr, Chief
OSD/JS FOIA Requester Service Center
Office of Freedom of Information
1155 Defense Pentagon
Washington, DC 20301-1155
whs.mc-alex.esd.mbx.osd-js-foia-requester-
service-center@mail.mil

> Re:    **Freedom of Information Act (FOIA) Request to U.S. Department of Defense, Office of Secretary and Joint Staff**
> *And*
> **Request for Expedited Processing of FOIA Request**

Dear Ms. Carr:

Dorsey & Whitney LLP represents Luokung Technology Corp. ("Luokung").  This is a request under the Freedom of Information Act (5 U.S.C. § 552).

Pursuant to 32 CFR 286.8(e), we request that this FOIA request be processed and responded to on an expedited basis, as a loss of substantial due process rights is imminent to Luokung and its U.S. shareholders.  A detailed statement further explaining the need for expedited processing and the due process rights that will be lost is attached hereto as **Attachment A**.

By way of background, on January 14, 2021, the U.S. Department of Defense ("DoD") placed "Luokong Technology Corporation (LKCO)" on a list of entities operating directly or indirectly in the United States and deemed to be "Communist Chinese military companies" under Executive Order 13959, issued by former President Trump on November 12, 2020.  *See* **Attachment B**.  The DoD list is maintained under the authority of Section 1237 of the National Defense Authorization Act for Fiscal Year 1999 (the "Section 1237 List").

We request that a copy of the following documents, or documents containing the following information, be provided on an expedited basis:

- All documents and communications, inclusive of those in electronic form or format, or any other records in the DoD's possession or control, regardless of physical form or characteristics, relating to the DoD's listing or decision to list "Luokong Technology Corporation (LKCO)" on the Section 1237 List, including, but not limited to, any policy memorandums, communications, or other documents identifying or detailing the basis or



Stephanie Carr, Chief
February 8, 2021
Page 2

reason(s) for the inclusion of "Luokong Technology Corporation (LKCO)" on the Section 1237 List; and

• All documents and communications, inclusive of those in electronic form or format, or any other records in the DoD's possession or control, regardless of physical form or characteristics, relating to the DoD's "methodology" for the 1237 List identified in the Deputy Secretary of Defense's June 24, 2020 letter to Senator Tom Cotton. *See* **Attachment C.**

In order to help determine my status for the purpose of determining the applicability of any fees, you should know that my name is Benjamin Greenberg, and I am an attorney with the law firm of Dorsey & Whitney LLP.  We are willing to pay fees for this request.  If you estimate the fees will exceed $1,000, please inform me before processing the request.  I look forward to hearing your response within the expedited processing (10 calendar days) time period.

Please do not hesitate to contact me, or my colleague Shawn Larsen-Bright, to discuss this request.  My phone number is (206) 903-5442, and Mr. Larsen-Bright's phone number is (206) 903-2417.  We can be reached at these numbers during normal business hours from 8:00 am to 6:00 pm Pacific Standard Time.

Thank you for your time and consideration of this request.

Sincerely,

Benjamin D. Greenberg
Partner

cc: Shawn Larsen-Bright
    Kate Johnson

Enclosures: Attachments A, B, and C

4849-5468-0283\4